IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                       **Case No. 11-40059-01-RDR**

JOEY RONNELL LEWIS,

        Defendant.

### O R D E R

This matter is presently before the court upon defendant's (1) motion to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915 and (2) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Having carefully reviewed the documents provided by the defendant, the court is now prepared to rule.

On October 26, 2011, the defendant entered a plea of guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). As part of the plea agreement, the defendant agreed to waive his right to appeal or collaterally attack his conviction and sentence. The court sentenced the defendant on February 3, 2012, and the judgment was filed on February 6, 2012. The defendant filed the instant motions on February 8, 2012.

In his § 2255 motion, the defendant contends that his conviction was unconstitutional due to the lack of pleading or evidence on the requirement of interstate commerce. The defendant argues that the government failed to demonstrate that the firearm

crossed state lines while he possessed it.  He suggests that such evidence is necessary, and that a showing that the firearm merely passed in interstate commerce some time in the past is insufficient.

The court initially shall deny defendant's motion to proceed <u>in forma pauperis</u> as moot.  The defendant apparently seeks <u>in forma pauperis</u> status only for the filing of a motion to vacate his sentence under 28 U.S.C. § 2255.  The Court overrules defendant's request as moot because no filing fee is required for a Section 2255 motion.  <u>See</u> <u>United States v. Garcia</u>, 164 Fed. Appx. 785, 786 (10th Cir. 2006).

The court shall next consider the defendant's § 2255 motion. There are a variety of reasons to deny this motion, but the court shall proceed directly to the merits.  The defendant's argument is frivolous.  The Supreme Court has ruled that proof that a firearm traveled at some time in interstate commerce is a sufficient nexus to interstate commerce to support a conviction under § 922(g)(1). <u>Scarborough v. United States</u>, 431 U.S. 563, 575 (1977).  The factual basis offered by the government at the guilty plea proceeding, which was agreed to by the defendant, indicated that the firearm had in the past been shipped and transported in interstate commerce.  This is sufficient to meet the interstate commerce requirements of § 922(g).  <u>United States v. Urbano</u>, 563 F.3d 1150, 1154 (10th Cir. 2009)(rejecting Commerce Clause challenge

to § 922(g) based upon the alleged insufficient connection to interstate commerce and stating "if a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and the statute can be constitutionally applied"); United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995)(concluding "[§] 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause" (quotation omitted)).  Thus, the court shall deny defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED** that defendant's motion to proceed in forma pauperis is hereby denied as moot.

**IT IS FURTHER ORDERED** that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be hereby denied.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge